IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 23, 2001 Session

## TRACY McGOWAN
v.
## DOCTOR R. CRANTS and ALAN BARGERY

An Appeal from the Circuit Court for Hardeman County
No. 9041    Jon Kerry Blackwood, Judge

No. W2000-02398-COA-R3-CV - Filed February 6, 2002

This is a civil lawsuit filed by a prisoner. The inmate filed a complaint against the prison warden and the chairman of the board of the company which owns and operates the prison, alleging negligence and violations of his constitutional rights. The inmate moved for default judgment, which was denied. The defendants then filed a motion for summary judgment, asserting that there were no material facts in dispute. The trial court granted the defendants' motion for summary judgment. The inmate now appeals. We reverse, finding that there are genuine issues of material fact.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Reversed and Remanded.**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Tracy McGowan, pro se.

Tom Anderson, Jackson, Tennessee, for the appellees Doctor R. Crants and Alan Bargery.

### OPINION

This is a civil lawsuit filed by a prisoner. On April 8,1999, plaintiff/appellant Tracy McGowan("McGowan), an inmate at the Hardeman County Correctional Facility ("HCCF"), filed suit against defendant/appellees Alan Bargery and Doctor R. Crants (collectively "the defendants"), alleging negligence and violation of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. Alan Bargery ("Bargery"), at all relevant times, was warden of HCCF. Doctor R. Crants is chairman of the board for Corrections Corporations of America, which owns and operates HCCF. In the complaint, McGowan alleged that, as a result of the defendants' negligent failure to provide him with a secure condition of confinement, he was attacked by another inmate at the facility, sustaining injuries to his face and mouth. McGowan, a medium-security

inmate, asserted that the inmate who attacked him was a maximum-security inmate who was known to have a propensity for violence. He alleged that, by housing maximum-security inmates with medium-security inmates, the defendants placed him in imminent danger of his health and safety, violated his right against cruel and unusual punishment under the Eighth Amendment, and violated his right to equal protection under the Fourteenth Amendment. McGowan also claimed that, as retaliation for filing an inmate grievance complaint relating to HCCF's alleged policy of housing medium- and maximum-security prisoners in the same facility, the defendants placed him in the same living unit with the inmate who had attacked him, violating his right to redress his grievances under the First Amendment. Documents filed by McGowan indicate that he repeatedly sought treatment for the injuries sustained in the attack and received only perfunctory responses from the correctional facility.

The defendants were granted an extension of time to June 2, 1999 in which to file their Answer. On June 10, 1999, McGowan filed a motion for default judgment, citing the defendants' failure to timely file an answer. A hearing was held on the motion for default judgment on October 1, 1999. The trial court denied the motion for default judgment. At the trial court's direction, the defendants finally filed their answer on that same day.

McGowan filed a number of discovery requests, interrogatories and requests for documents, relating to his allegations that the inmate who attacked him was a maximum-security inmate with a known propensity for violence. The defendants objected to all of McGowan's discovery requests. McGowan filed several motions, explaining how the requested information was pertinent to his claims and seeking an order compelling the defendants to produce the information and documents sought. The trial court took no action regarding McGowan's discovery requests.

On August 9, 2000, the defendants filed a motion for summary judgment, supported by a memorandum of law, an affidavit by Bargery, and a statement of undisputed facts. In their motion for summary judgment, the defendants contended that there was no genuine dispute as to any material fact and that they were entitled to summary judgment as a matter of law. As to defendant Crants, the defendants noted that McGowan's complaint contained no specific allegations against Crants and did not assert that he knew of or was involved in any of the conduct alleged in the complaint. As to defendant Bargery, the defendants asserted that the complaint failed to allege that Bargery had any specific knowledge concerning the assault against McGowan. Rather, it alleged only that Bargery maintained a policy of housing maximum-security inmates with medium-security inmates. In an affidavit filed in support of the motion for summary judgment, Bargery asserted that HCCF was a medium-security facility which housed only inmates classified as medium security or below. He maintained that there were no maximum-security inmates at HCCF.

McGowan later filed a motion in opposition to summary judgment, with a memorandum of law in support. In an affidavit also filed with his motion, McGowan reiterated his contention that, at the time he was assaulted, HCCF housed both medium- and maximum-security inmates, and named specific inmates whom he alleged were classified as maximum security. He maintained that both defendants were aware that inmates with different security levels were being housed in the same facility. However, on September 19, 2000, the trial court entered an order granting the defendants'

motion for summary judgment. The order did not include the trial court's reasons for granting the motion. McGowan now appeals.

On appeal, McGowan first contends that the trial court erred in denying his motion for default judgment, based on the defendants' failure to respond to his motions in a timely manner. The trial court has considerable discretion as to whether to grant default judgment. *See* Tenn. R. Civ. P. 55 (2000). We do not find that the trial court abused its discretion in declining to grant McGowan's motion for default judgment.

Next, McGowan contends that the trial court erred in granting the defendants' motion for summary judgment. A motion for summary judgment should be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997). The nonmoving party must then demonstrate, by affidavit or discovery materials, that there is a genuine, material fact dispute which warrants a trial. The nonmoving party cannot simply rely upon his pleadings but must set forth specific facts showing that there is a genuine issue of material fact for trial. *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993). Summary judgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

Since only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain*, 936 S.W.2d at 622. Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

Under all of the circumtances in this case, we must conclude that the granting of summary judgment in favor of the defendants was inappropriate. The defendants' motion alleges that McGowan made no specific allegations against Crants, the chairman of the board for Corrections Corporation of America, which owns and operates HCCF, and alleges only that Bargery, the warden, maintained a policy of housing maximum-security inmates with medium-security inmates. Bargery's affidavit denies that the facility housed maximum-security inmates. However, in his complaint and in the documents and affidavits filed in response to the defendants' motion, McGowan alleges that the facility in fact houses maximum-security inmates, naming specific inmates, and alleges that both Bargery and Crants had knowledge of this fact. This appears sufficient to create a genuine issue of material fact which would prevent the granting of summary judgment. Moreover, McGowan alleges that the inmate who attacked him had a known propensity for violence and that he was retaliated against for filing a grievance by being once again placed in the same living unit with the inmate who attacked him. The defendants' motion and affidavit does not address these allegations. This must also be viewed against the backdrop of the trial court's inaction in response to McGowan's efforts to obtain pertinent discovery.

At the very least, it is not entirely clear that summary judgment should be granted in this case, and we are reminded of the Supreme Court's admonition through Justice Harbison in ***Evco Corp. v. Ross***, 528 S.W.2d 20 (Tenn. 1975):

> The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

*Id.* at 24-25.

Regardless of whether McGowan ultimately amends his complaint to include HCCF and Corrections Corporation of America as defendants, under all of these circumstances, we must conclude that the trial court erred in granting the defendants' motion for summary judgment.

The decision of the trial court is reversed, and the cause is remanded for further proceedings consistent with this Opinion. Costs are taxed against the Appellees, Doctor R. Crants and Alan Bargery, and their surety, for which execution may issue if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE